**JS-6**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MA SUAREZ,<br><br>        Plaintiff,<br><br>        v.<br><br>NISSAN NORTH AMERICA,<br>INC., et al.,<br><br>        Defendants. | Case No. 2:25-cv-07178-MAA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (ECF No. 12)** |

## I.     INTRODUCTION

On May 16, 2025, Plaintiff Ma Suarez ("Plaintiff") filed a complaint in Los Angeles Superior Court ("Superior Court") against Defendant Nissan North America, Inc. ("Defendant") and ten Doe Defendants.  (Compl., ECF No. 1-1.)   On August 4, 2025, Defendant removed the case to this Court ("Notice of Removal" or "NOR").  (NOR, ECF No. 1.)  On August 27, 2025, the case was transferred to the calendar of the undersigned United States Magistrate Judge.  (ECF No. 9.)  The same day, the parties were notified of their deadline for declining consent to proceed before the assigned United States Magistrate Judge.  (ECF No. 10.)  No party declined consent.  (See ECF No. 13.)

///

Before the Court is Plaintiff's Motion to Remand ("Motion"), filed on September 3, 2025. (ECF No. 12.) In support of the Motion, Plaintiff filed the Declaration of Nicholas Lee ("Lee Declaration"). (ECF No. 12-1.) Defendant filed an opposition to the Motion on October 30, 2025 ("Opposition") (ECF No. 21), supported by the Declaration of Sarah Garbuzov ("Garbuzov Declaration") (ECF No. 21-1). On November 6, 2025, Plaintiff filed a reply in support of the Motion ("Reply") (ECF No. 22), supported by the Declaration of Roy Enav ("Enav Declaration") (ECF No. 22-1). Plaintiff also filed a Request for Judicial Notice ("RJN") in support of the Motion, asking the Court to take judicial notice of eleven decisions by California district courts granting motions to remand, including nine decisions from the Central District and two from the Northern District. (RJN, ECF No. 22-2.) The RJN is GRANTED.[1]

The matter stands submitted. The hearing on the Motion, previously set for October 8, 2025, was vacated on September 12, 2025. (ECF No. 15.) After considering the papers filed in support and in opposition, the Court deems the Motion appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion in its entirety.

///
///
///
///
///
///

---

[1] *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

## II.    BACKGROUND[2]

On or around July 13, 2023, Plaintiff purchased a 2023 Nissan Sentra ("Subject Vehicle").  (Compl. ¶ 8.[3])  The sales contract reflected that the value of the Subject Vehicle was approximately $59,999.04.  (*Id.*)  Defendant warranted the Subject Vehicle.  (*Id.* at ¶ 9.)  The Subject Vehicle was delivered to Plaintiff "with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, engine, electrical, and transmission system defects."  (*Id.* at ¶ 10.)  Plaintiff presented the Subject Vehicle for repairs on at least four occasions, as follows:  (1) in February 2024, with approximately 13,722 miles on the odometer; (2) in March 2024, with approximately 15,435 miles on the odometer; (3) in September 2024, with approximately 29,833 miles on the odometer; and (4) in March 2025, with approximately 42,105 miles on the odometer.  (*Id.* at ¶¶ 11–14.)  Plaintiff brought suit, alleging three causes of action for violation of the Song-Beverly Consumer Warranty Act, California Civil Code sections 1790 *et seq*.  (*Id.* at ¶¶ 20–61.)  The Complaint was personally served on Defendant on May 22, 2025.  (Lee Decl. ¶ 6.)  Defendant filed its Answer in Superior Court on July 2, 2025.  (*Id.* at ¶ 7.)

Defendant removed the case to this Court based on diversity jurisdiction, alleging that Plaintiff is a citizen of California, Defendant is a citizen of Delaware and Tennessee, and the amount in controversy exceeds $75,000.[4]  (NOR 2–3.)  Defendant asserted that removal was timely because the Complaint was indeterminate as to the amount in controversy.  (*Id.* at 7–8.)  Plaintiff moves to

---

[2] The Court summarizes the allegations and claims in the Complaint.  In doing so, the Court neither opines on the veracity or merit of Plaintiff's allegations and claims nor makes any findings of fact.

[3] Pinpoint citations of docketed documents refer to paragraphs, or where none, to the page numbers in the ECF-generated headers.

[4] The citizenship of the Doe Defendants is disregarded when determining removal jurisdiction.  28 U.S.C. § 1441(b)(1).

remand on the ground that removal was untimely, as it was clear from the Complaint that the amount in controversy exceeded $75,000.  (Mot. 7–8.)

### III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution and statute."  *Kokkonen*, 511 U.S. at 377.  "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.*

"The general removal statute, 28 U.S.C. § 1441(a), provides that 'any civil action' over which a federal court would have original jurisdiction may be removed to federal court by 'the defendant or the defendants.'"  *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019).  "The propriety of removal thus depends on whether the case originally could have been filed in federal court."  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases:  cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)."  *Home Depot U.S.A.*, 587 U.S. at 437.  "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively.  Each serves a distinct purpose:  Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States."  *Id.* at 437–38 (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)).

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some

act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great N. Ry. Co. v. Alexander,* 246 U.S. 276, 280 (1918)).  Generally, the "statutory procedures for removal are to be strictly construed." *Id.*  Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  *See* 28 U.S.C. § 1447(c).

The removal procedure for civil actions is set forth in 28 U.S.C. § 1446 ("Section 1446").  "Section 1446(b) provides the rules governing the timeliness of removal.  The default rule is that the party seeking removal must remove 'within 30 days after the receipt . . . of a copy of the initial pleading.'" *Blumberger v. Tilley*, 115 F.4th 1113, 1121–22 (9th Cir. 2024) (quoting Section 1446(b)(1)), *cert. denied*, 145 S. Ct. 2818 (2025).  However, "[t]he 30-day clock under § 1446(b)(1) begins to run 'only when that pleading affirmatively reveals *on its face* the facts necessary for federal court jurisdiction.'" *Id.* (quoting *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (per curiam) (emphasis in original)).  "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  Thus, a complaint that is "indeterminate" regarding the essential jurisdictional facts is not enough to trigger Section 1446(b)(1)'s thirty-day removal period; "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Id.* at 695.

If the case as "'stated by the initial pleading is not removable,' a party may remove a case within 30 days '[after receipt] of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Blumberger*, 115 F.4th at 1122 (quoting Section 1446(b)(3)).  Here, even greater clarity is required:  the Ninth Circuit has held "that 'an amended pleading, motion, order, or other paper must make a ground for removal *unequivocally clear and certain*' to trigger § 1446(b)(3)'s temporal

limitation." *Id.* (emphasis added) (quoting *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021)).  Further, while such an "other paper" served by a plaintiff will trigger the thirty-day deadline, a defendant's subjective knowledge will not. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Thus, Sections "1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" found in Section 1446(b)(1) and (3) or, in a diversity case, of the one-year deadline imposed by Section 1446(c)(1). *Roth*, 720 F.3d at 1125–26.

For removals based on diversity jurisdiction under 28 U.S.C. § 1332(a), both the diversity of the parties and the amount in controversy must appear determinate on the face of the complaint or "other paper" at issue in order to trigger one of these thirty-day deadlines.  *See Harris*, 425 F.3d at 695 (finding that removal more than thirty days after service of complaint was timely when complaint, on its face, "did not affirmatively reveal information to trigger removal based on diversity jurisdiction because the initial pleading only stated [co-defendant's] 1972 residency, not his citizenship, and certainly not his citizenship as of the filing of the complaint" in 2003); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) ("Because the face of the initial pleading—[the plaintiff's] superior court complaint—lacked any indication of the amount in controversy, it did not trigger . . . thirty-day removal period.").

The Ninth Circuit has explained that the amount in controversy is the "amount at stake in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (quoting *Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005)). "[T]his includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Id.* (quoting *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)).  Among other items, the amount in controversy includes damages

(compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract. *See id.* at 648–59 (citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998)).

A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924–25 (9th Cir. 2019) (finding notice of removal sufficient when it "alleged that the amount-in-controversy requirement was satisfied," "discussed each of the claims alleged in the complaint[,] and explained the components of [the defendant's] estimate of the amount in controversy," thus providing "a short and plain statement of the grounds for removal"). This is true even in cases not invoking federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). *See Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1060–61 (9th Cir. 2021) (vacating district court's *sua sponte* remand of case in which notice of removal alleged that amount in controversy exceeded $75,000); *California by & through Harrison v. Express Scripts, Inc.*, 154 F.4th 1069, 1080 (9th Cir. 2025) (noting, in case removed on the basis of federal officer jurisdiction, that only "short and plain statement of the grounds for removal" required in notice of removal). Though the removal statutes are more strictly construed in non-CAFA cases, "the fact that the party removing a case to a federal district court has the burden of proving that the district court has jurisdiction does not mean that the notice of removal must in and of itself meet this burden." *Academy of Country Music*, 991 F.3d at 1068.

///

7

For removals based on federal question jurisdiction, "the determination of jurisdiction is based only on the allegations in the plaintiff's 'well-pleaded complaint'—not on any issue the defendant may raise." *Royal Canin U.S.A.*, 604 U.S. at 26. "That longstanding rule makes the complaint—the plaintiff's own claims and allegations—the key . . . ." *Id.*

Whatever type of jurisdiction is asserted, the notice of removal must allege facts to support it, not simply legal conclusions. *Harrison*, 154 F.4th at 1080. "Because [the] 'short and plain statement' requirement of the removal statute 'tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure,' the same pleading standards applicable to complaints under Rule 8 also apply to the jurisdictional allegations in a notice of removal." *Id.* (quoting *Dart Cherokee*, 574 U.S. at 87). Similarly, a "remand motion challenging removal jurisdiction is evaluated the same as a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction." *DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023). Thus, "where the moving party does not contest the removal notice's factual allegations but instead asserts that those allegations are facially insufficient to invoke federal jurisdiction," those allegations are accepted as true, and all reasonable inferences are drawn in favor of the remover. *Id.* In contrast, when a "motion to remand raises a factual challenge by 'contest[ing] the truth of the [remover's] factual allegations . . . the remover 'must support her jurisdictional allegations with ''competent proof.'''" *Id.* at 552–53 (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). At that point, "[t]he remover 'bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met.'" *Id.* at 553 (quoting *Leite*, 749 F.3d at 1121). A "plaintiff can contest the amount in controversy by making either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). ///

## IV.   DISCUSSION

### A.   The Removal Was Not Timely

In the Notice of Removal, Defendant contends that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of the parties and the amount in controversy exceeds $75,000.  (NOR 2–3.) Specifically, Defendant calculates the amount in controversy to include, at a minimum, actual damages of $52,999.04 (equal to the purchase price of the Subject Vehicle—$59,999.04—minus offsets in the amount of $7,000.00), plus civil penalties in the amount of two times actual damages, or $105,998.08, for an amount in controversy of at least $158,997.12.  (NOR 4.)  This, without more, is sufficient to exceed the $75,000 amount-in-controversy floor for diversity jurisdiction. However, Defendant bolsters its jurisdictional argument by adding $5,000 in attorneys' fees to the amount in controversy (NOR 5), as the Complaint seeks attorneys' fees (Compl. 11 (Prayer for Relief ¶ 7)).  Thus, the Notice of Removal includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

In seeking remand, Plaintiff does not contend that the facts of this case do not support the existence of diversity jurisdiction.  Rather, Plaintiff argues that those facts were evident from the face of the Complaint, making Defendant's removal more than thirty days after service of the Complaint untimely.  ( *See* Mot. 4.)

If a complaint "affirmatively reveals on its face the facts necessary for federal court jurisdiction," then removal must indeed be effected within thirty days of service.  *Harris*, 425 F.3d at 691 (internal quotations omitted).  If not, then removal during that first thirty days is not required—even if the case is, in fact, removable, and the additional information necessary to demonstrate its removability is already within the defendant's possession.  *Dietrich*, 14 F.4th at 1094 (drawing distinction between "facts sufficient to *allow* removal [and] facts sufficient to *require* removal within thirty days" and noting "that a defendant *may* remove before it *must* do so"

9

(emphasis in original)).  A defendant does not have any obligation to conduct an investigation of its own files within thirty days to determine if it might have information that could reveal that the case is removable.  *Harris*, 425 F.3d at 693 (rejecting contention that "the burden lies with the defendant to investigate the necessary jurisdictional facts within the first thirty days of receiving an indeterminate complaint").  In the instant case, therefore, Defendant argues that the Complaint does not reveal on its face sufficient information to determine if the amount in controversy satisfied the jurisdictional minimum, claiming that "[i]t was Nissan's own factual investigation regarding Plaintiff's likely actual damages— including the requisite set-offs—not the allegations in Plaintiff's Complaint that led Nissan to conclude the amount in controversy is met and that federal subject matter jurisdiction exists." (Opp'n 10.)  Plaintiff, on the other hand, argues that "the removability of the matter was clearly ascertainable from Plaintiff's Complaint." (Mot. 8.)

So, did the Complaint, "on its face," within its "four corners," reveal facts that would satisfy the amount in controversy minimum?  *Blumberger*, 115 F.4th at 1122; *Harris*, 425 F.3d at 694.  The Court is aware that this is far from the first case in this district in which a motion to remand has challenged the timeliness of removal by a car manufacturer of a complaint with virtually identical allegations and causes of action.  The Court is also aware that it is difficult to harmonize the resulting decisions, which have reached opposite outcomes on virtually identical facts.  *Compare, e.g.*, *Larios v. Nissan N. Am., Inc.*, No. 2:25-CV-05095-AJR, 2025 WL 2402250, at *5–7 (C.D. Cal. Aug. 16, 2025); *Calderon v. Nissan N. Am., Inc.*, No. CV 25-05137-AS, 2025 WL 2267923, at *2 (C.D. Cal. Aug. 7, 2025); *and Rosiles v. Nissan N. Am., Inc.*, No. 2:25-CV-02680-AB-AGR, 2025 WL 1782538, at *2–3 (C.D. Cal. June 25, 2025) *with Ayad v. Nissan N. Am., Inc.*, No. 2:25-CV-4152-RAO, 2025 WL 2490849, at *2–4 (C.D. Cal. Aug. 29, 2025); *Crescencio v. Ford Motor Co.*, No. CV 24-10946-MWF (BFMX), 2025 WL 1122096, at *2–4

10

(C.D. Cal. Apr. 9, 2025); *and Covarrubias v. Ford Motor Co.*, No. 2:25-CV-00328-JLS-MAA, 2025 WL 907544, at *2–3 (C.D. Cal. Mar. 24, 2025).

The Court therefore returns to the statute, which reads in relevant part as follows:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
> **(i)** nonmonetary relief; or
>
> **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2). Thus, if a removing defendant relies on the amount alleged in good faith by the plaintiff, that "shall be deemed to be the amount in controversy." *Id.* If, on the other hand, the defendant does not rely on the complaint's allegations regarding the amount demanded, but rather asserts a different sum as the amount in controversy, the defendant may have to prove, by a preponderance of the evidence, that the amount in controversy exceeds the minimum amount. *Id.* In other words, the plain language of the statute suggests that, if a removing defendant relies on the plaintiff's own good faith allegations regarding how much money is at stake, the defendant does not bear the burden of *proving* those allegations, but may simply rely on them.

Here, the Complaint alleges that the value of the Subject Vehicle was approximately $59,999.04 and asserts that Plaintiff seeks, *inter alia*, "actual damages," "rescission of the purchase contract and restitution of all monies expended," and "civil penalt[ies] in the amount of two times Plaintiff's actual

11

damages." (Compl. ¶ 8, 11 (Prayer for Relief ¶¶ 1–2, 5).)  Thus, even without a calculator, and certainly without reference to any information outside the Complaint, "the sum demanded in good faith in the initial pleading" is self-evidently at least three times $59,999.04, or very nearly $180,000.00.  And "[m]ultiplying figures clearly stated in a complaint" falls within the duty that "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability."  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal quotations omitted).  According to the plain language of 28 U.S.C. § 1446(c)(2), therefore, this "shall be deemed to be the amount in controversy."

The Complaint here is not so vague as to require Defendant to consult its own files or to conduct an investigation in order to see that Plaintiff is demanding a sum far in excess of the jurisdictional minimum.  On its face, without reference to any other document, the Complaint clearly alleges an amount in controversy of, at a minimum, $179,997.12.  Thus, the Complaint "affirmatively reveals on its face the facts necessary for federal court jurisdiction," requiring removal to be effected within thirty days of service.  *Harris*, 425 F.3d at 691.  The thirty-day removal clock therefore began to run when Defendant was served on May 22, 2025, making removal on August 4, 2025 untimely under 28 U.S.C. § 1446(b)(1).

Defendant argues that the thirty-day clock was not triggered by the Complaint because the amount in controversy was "indeterminate," as the true amount of Plaintiff's actual damages would by law require reductions, or offsets, against the purchase price of the Subject Vehicle.[5]  (Opp'n 11–17.)  As the Ninth Circuit has stated, however, "[t]he general rule is that the amount in controversy represents 'an estimate of the total amount in dispute, not a prospective assessment

---

[5] As listed by Defendant, these offsets include a mileage offset, negative equity, manufacturer's rebate, third-party optional equipment, and unpaid financing. (Opp'n 12.)

of defendant's liability.'" *Kuxhausen*, 707 F.3d at 1140 n.2 (quoting *Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 400 (9th Cir.2010)).  Arguing about the details of what Plaintiff's actual damages might eventually turn out to be obscures what is, in fact, the rather simple command of the removal statute:  if a defendant can, simply by looking at the complaint, see that a state court case is alleged to involve a dispute between the citizens of different states regarding a sum of money greater than $75,000, that defendant needs to move quickly if it wants to remove the case to federal court.  As this was exactly the situation presented by the instant Complaint, Defendant should have moved faster, and filed its Notice of Removal within thirty days of receiving the Complaint.  "For good reason, § 1446(b)(1) and (b)(3) place strict limits on a defendant who is put on notice of removability by a plaintiff.  A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained . . . ." *Roth*, 729 F.3d at 1125.

The Court is sympathetic to Defendant's concern that it needs to conduct an investigation into all possible offsets prior to removal because it may be called upon to defend that removal, once in federal court, before judges who have widely varied opinions regarding the appropriateness of removal of these cases.  (*See* Opp'n 10, 15.)  But the possibility of a removed case being assigned to a judge who will immediately set an Order to Show Cause that the jurisdictional requirements are satisfied, *see, e.g.*, *Valdez v. Nissan N. Am., Inc.*, No. 2:25-CV-00775-RGK-SHK, 2025 WL 1843323, at *1–2 (C.D. Cal. Apr. 2, 2025), cannot exempt a defendant from complying with the statutory requirement that cases removable on the face of the complaint must be removed within thirty days of service.

Plaintiff here has included a demand for the value of the Subject Vehicle, $59,999.04, plus twice that in civil penalties.  (Compl. ¶ 8, 11 (Prayer for Relief ¶¶ 1–2, 5).)  "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).  Defendant should therefore be able to rely on this amount to remove a case—which means that

13

Defendant should have relied on it here to remove within thirty days of receiving the Complaint. If Plaintiff were arguing that the amount now in controversy is actually below $75,000, or if the Court had any reason to suspect that the amount alleged in the Complaint had not been alleged in good faith, or that it was legally impossible for the Plaintiff to obtain enough of the claimed sum to satisfy the amount in controversy requirement, thus raising doubts about the Court's subject matter jurisdiction, more would be required. But Plaintiff most definitely has not claimed that the relief sought is less than $75,000, and the Court has not been presented with any basis for suspecting that it might be legally impossible for Plaintiff to obtain enough of the relief to which a claim is asserted in the Complaint to satisfy the amount in controversy requirement. *See Morris v. Hotel Riviera, Inc.*, 704 F.2d 1113, 1115 (9th Cir. 1983) (finding that state law limiting plaintiffs' recovery to $750 prevented plaintiffs from showing that $10,000 amount-in-controversy minimum for diversity jurisdiction had been met, thus requiring dismissal for lack of subject matter jurisdiction).

The sheer number of similar cases in this district in which this issue has been litigated serves to complicate what should be a relatively simple question. The parties and the Court here all agree that diversity jurisdiction exists, and that the amount in controversy exceeds the jurisdictional minimum. The fact that diversity jurisdiction exists was evident from the Complaint, as it clearly demands a sum in excess of the jurisdictional minimum. The removal statute therefore requires that a notice of removal must be filed within thirty days of Defendant's receipt of the complaint. 28 U.S.C. § 1446(b)(1).

Because facts sufficient to support diversity jurisdiction, including the amount in controversy, were alleged in the Complaint, Defendant was required to remove within thirty days of being served with it. And because Defendant did not file its Notice of Removal within that thirty-day period, the removal was untimely.

///

14

**B.      Plaintiff Did Not Waive the Right to Seek Remand**

While the issue discussed above has been raised in many similar cases in this district, Defendant raises another argument that may be unique to this case.  It appears that Plaintiff contacted two different plaintiffs' law firms that often represent plaintiffs with similar vehicle-related claims—and each of those firms filed a case in Superior Court raising similar claims concerning the same Subject Vehicle, both of which were then removed to this Court.  *Compare Ma Suarez v. Nissan North America, Inc., et al.*, 2:25-cv-06103-MAA (C.D. Cal.) (the "6103 Case").  After the duplicative cases were discovered, the parties stipulated to dismiss the 6103 Case.  *Suarez*, 2:25-cv-06103-MAA (C.D. Cal. Oct. 29, 2025), ECF No. 17.

Defendant now argues that, since no motion to remand was filed in the 6103 Case, Plaintiff has waived the right to seek remand in the instant case, arguing that "it would go against fundamental principles of fairness to allow Plaintiff to engage in affirmative conduct reflecting assent to federal jurisdiction on the one hand, and then move to remand in another, identical, hand." (Opp'n 8.)  This "affirmative conduct" is asserted to be Plaintiff's failure to submit a statement declining to consent to magistrate judge jurisdiction in the 6103 Case, while also discussing settlement.  (*Id.* at 7–8.)  As to the first, Plaintiff did not, in fact, take "affirmative action in [the 6103 Case] by consenting to magistrate jurisdiction," since the Court's Magistrate Judge Direct Assignment Program is an opt-out program (*see* ECF No. 10), and Plaintiff's consent was registered by a *lack* of action, not by any affirmative step on Plaintiff's part.  *See Suarez*, 2:25-cv-06103-MAA (C.D. Cal. July 16, 2025), ECF No. 8.  As to the second, whether the parties may be discussing settlement has no bearing on whether the statutory requirements for removal have been satisfied or whether a defect in the removal procedure might give Plaintiff grounds for a remand motion.

///

15

The two cases Defendant cites in support of this argument do not support a contrary finding.  Defendant first cites *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014), for the proposition that a plaintiff can waive a procedural irregularity in removal by not filing a motion to remand.  (Opp'n 7.)  In *Smith*, however, the plaintiff never filed a motion for remand—the district court had remanded the case *sua sponte* on the grounds that removal was untimely, and the Circuit reversed, holding that the timeliness of removal was not jurisdictional, and thus could be waived by a plaintiff who chose not to file a motion to remand.  *Smith*, 761 F.3d at 1045.  Here, of course, Plaintiff has filed a motion to remand (ECF No. 12), which was timely filed within thirty days of the filing of the notice of removal, 28 U.S.C. § 1447(c).  The other case Defendant cites is a case from this district that is more than 50 years old.  *Transp. Indem. Co. v. Fin. Tr. Co.*, 339 F. Supp. 405, 408 (C.D. Cal. 1972).[6]  The *Transport Indemnity* court, while noting that "certain conduct on the part of the Plaintiff, which conduct is sometimes referred to as 'waiver' and sometimes referred to as 'estoppel', does preclude the Plaintiff from objecting to a late removal petition," held that the plaintiff in that case had not engaged in such conduct.  *Id.* at 408–09.  This holding was based largely on the finding that "defense counsel" had not "reasonably relied to his detriment on the representations of his opponent."  *Id.* at 409.  Nor has the instant Defendant pointed to any action of Plaintiff on which Defendant, or Defendant's counsel, "reasonably relied to his detriment," such that Plaintiff should now be estopped from seeking remand of this case  *Id.*

Accordingly, the Court does not find that Plaintiff waived the right to seek remand of this case.

---

[6] The main holding of this case, for which Defendant does not cite it—that the second of two defendants served at different times could not remove a case if the first defendant had not done so within thirty days after being served with the complaint—is no longer good law.  28 U.S.C. § 1446(b)(2)(B)-(C).

## V.   CONCLUSION

On the basis of the foregoing, the Court GRANTS Plaintiff's Motion.  This action is REMANDED to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

DATED: ___1/16/2026___

_____
HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

17